## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into this 15th day of March, 2016 by and between Los Catrachos, Inc., Los Catrachos II, Inc., and Delcy Campos (collectively "Defendants") and Maria Leyvi Iraiarte ("Iraiarte"), Maria Indira Iglesias ("Iglesias"), and Betsy Gutierrez ("Gutierrez")(collectively "Plaintiffs") (Plaintiffs and Defendants are collectively further known as the "Parties").

WHEREAS, Plaintiffs were employed by Defendants as waitresses;

WHEREAS, Plaintiffs alleged that they should have been properly compensated minimum wages under the Fair Labor Standards Act ("FLSA") and which claims are the subject of a lawsuit pending against Defendants in the United States District Court for the Southern District of Florida, 1:15-cv-24527-KMW (the "Action");

WHEREAS, Defendants deny that Plaintiffs are owed any wages whatsoever;

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

1.  **Consideration.** In consideration of the mutual execution of this Agreement and the Dismissal with Prejudice of the Action, the undertakings herein, and the agreement to be legally bound, Defendants, jointly and severally, agree to pay to Plaintiffs and their counsel the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00) inclusive of attorney fees and costs. ("Settlement Amount"), issued to Plaintiffs on a 1099 within ten (10) days of Court Approval of this agreement, broken down as follows:

    (1) Plaintiff Iraiarte will receive One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged unpaid wages and One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged liquidated damages for a total of Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00). Defendants will provide a check payable directly to Plaintiff.

    (2) Plaintiff Iglesias will receive One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged unpaid wages and One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged liquidated damages for a total of Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00). Defendants will provide a check payable directly to Plaintiff.

    (3) Plaintiff Gutierrez will receive One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged unpaid wages and One-Thousand Two-Hundred and Fifty Dollars and No cents ($1,250.00) for alleged liquidated damages for a total of Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00). Defendants will provide a check payable directly to Plaintiff.

(4) Plaintiffs' counsel shall receive a total of Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00) for attorneys' fees and costs. Defendants will provide a check payable to Remer & Georges-Pierre, PLLC. Costs in this suit totaled Eight-Hundred and Fourteen Dollars and No Cents ($814.00).

(5) The Parties acknowledge and agree that the Settlement Amount constitutes adequate consideration for all claims.

(6) Defendants to pay the mediation fee.

2. <u>Failure to Pay Consideration</u>: If Defendants fail to pay the any of the above monies, upon notice to Defendants at

<u>Attn</u>: Ricardo R. Corona, Esq., via electronic mail to Defendants' counsel at" rcorona@coronapa.com

Defendants shall have three (3) business days to cure the failure to pay Plaintiffs and/or their counsel. If a payment is not timely received, Plaintiffs, through counsel, shall notify Defendants' counsel via electronic mail of the non-payment. From receipt of that electronic mail, Defendants shall have forty-eight (48) hours to cure a non-payment. If the missing payment is not cured, Plaintiffs shall be entitled to the entry of a Consent Final Judgment for the sum of $5,000.00 each separate and apart of the Settlement Amount. Plaintiffs may seek a Consent Final Judgment by way of a Motion and Affidavit without the necessity of a further hearing.

3. <u>Dismissal of Action.</u> This Agreement and the payment of the Settlement Amount is expressly subject to and conditioned on the complete and final dismissal of the Action with prejudice.

4. <u>Costs and Expenses.</u> Except as provided for herein, the Parties agree to be responsible for their own costs and expenses including attorney fees. To the extent any taxes are owed Plaintiffs hereby acknowledges that they will be responsible for the payment of those taxes.

5. <u>No Additional Claims or Charges.</u> Plaintiffs warrants and represents that they have no additional administrative charges, lawsuits, civil actions or claims of any kind pending against Defendants or its predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiffs agree to dismiss any other lawsuit or claim with prejudice, without costs and waiving all rights of appeal. Plaintiffs expressly acknowledge that they has been fully compensated for their claims and that, to the extent any administrative agency seeks further recovery, that they would not be entitled to any further compensation. Plaintiffs agree to upon payment withdraw any EEOC or other administrative filed.

6. <u>No Admissions.</u> This Agreement does not constitute an admission by DEFENDANTS or any Released Person (as defined below) of any wrongdoing with regard to Plaintiffs' application for employment, employment with or termination from DEFENDANTS or of any violation of any federal, state or local law, ordinance or regulation or of any violation of DEFENDANTS's policies or procedures or of any liability or wrongdoing whatsoever. Neither

this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by DEFENDANTS or any Released Person. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

7. <u>Mutual Full Waiver and Release of All Claims</u>. In exchange for the consideration described in this Agreement, Plaintiffs and Defendants irrevocably, knowingly, and voluntarily releases, waives, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against each other from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiffs include, but are not limited to, any and all disputes against Defendants concerning his employment, wages, and separation from employment with Defendants.

> The disputes released by Plaintiffs and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiffs and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiffs and Defendants also includes any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

> The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiffs and Defendants. Plaintiffs and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiffs and Defendants further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiffs and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

> Plaintiffs also agrees and acknowledge that this Agreement is also entered into pursuant to Section 440.20(11)(c)(d) and (e), Florida Statutes, and is intended to be a complete and final settlement of any and all workers' compensation benefits under Chapter 440, Florida Statutes, including, but not limited to, future medical benefits. Plaintiffs also stipulates that all accidents, injuries, repetitive traumas, exposures, and occupational diseases known to have occurred or been sustained due to employment by Defendants has

been revealed. Plaintiffs agrees that this Agreement includes all accidents, occupational diseases and injuries sustained while employed by Defendants, whether reported or not. It is Plaintiffs' and Defendants' intention to fully, finally and forever resolve and release any and all disputes that they may have or believe they have against each other with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

8. <u>Confidentiality.</u> Plaintiffs agrees that they shall keep the terms and conditions of this Agreement confidential, and neither they nor their attorneys shall publicize them to any other person, other than Plaintiffs' legal and financial advisors. In furtherance of the foregoing, neither Plaintiffs nor her counsel shall advise or encourage any person to review the Court docket in the Action. Without limiting the generality of the foregoing, Plaintiffs agrees that they shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Agreement, or to the claims leading to the execution of this Agreement, other than to state that the matter has been settled confidentially. The confidentiality agreement set forth in this Paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto. For a violation of this Section 8 by Plaintiffs, any monies not yet tendered to Plaintiffs will be vacated and Defendants will not be under any future obligation to pay Plaintiffs any unpaid consideration enumerated above. If violated after payment then there shall be a $1000.00 liquidated damages per provable violation.

9. The parties agree and represent that the liquidated damages stated immediately above are a reasonable estimate of the damages that would be suffered by DEFENDANTS for each breach hereof, and do not constitute a penalty.

10. <u>Severability.</u> If any provision of this Agreement or the application thereof, except the release set forth in Paragraphs 6 and 7, is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the releases set forth in Paragraphs 6 are challenged by Plaintiffs and declared invalid or unenforceable in whole or in part, the Agreement shall be null and void and Plaintiffs shall immediately return to DEFENDANTS the Settlement Amounts paid hereunder.

11. <u>Non-Disparagement:</u> The Parties agree that each will refrain from making any disparaging or derogatory comments about each other through any means (including, but not limited to, e-mail, telephone, in person discussions, internet postings, social media, facsimile, written letters, and the like), including, for the corporate Defendant, its parent, subsidiaries, affiliates, and each of their past and present agents, employees, representatives, owners, officers, directors, shareholders, or attorneys. The Parties acknowledge that if either side breaches this non-disparagement provision, the damages incurred by the injured Party are incapable of measurement and adequate remedy. Therefore, the Parties further agrees that if it is proven that a Party breached this non-disparagement provision, the offending Party will be liable to pay the injured Party(ies) liquidated damages in the amount of Five Hundred Dollars ($500) for each incident. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty. Plaintiffs agree not to apply for employment with Defendants.

12. <u>Modification.</u> Plaintiffs has carefully read and fully understand all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiffs acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

13. <u>Counterparts Acceptable</u>. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

14. <u>Entire Agreement.</u> This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

15. <u>Choice of Law and Jurisdiction.</u> This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Florida, notwithstanding its rules governing choice of law. The parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the Court in the Action, which shall have continuing jurisdiction to enforce this Agreement.

16. <u>Waiver.</u> No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

17. <u>Neutral Construction.</u> The Parties have jointly participated in the drafting and negotiating this Agreement, and no rule of construction shall be applied that construes any provision against the drafter(s) hereof.

18. <u>Court Approval.</u> The Parties agree to jointly submit this Agreement to the Court for approval and to take all reasonable actions consistent with this Agreement, the Court's rules, and applicable ethical rules to obtain approval. Within three days of the Court's approval of this Agreement, Plaintiffs shall file a Stipulation of Dismissal pursuant to Rule 41(a)(ii) dismissing the Action with prejudice, and with the Parties bearing their own costs.

[This space left intentionally blank]

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

This 15th day of March, 2016.

_____
MARÍA LEYVI IRIARTE

_____
MARÍA INDIRA Iglesias

_____
BETSY GUTIERREZ,


Los Catrachos, Inc.

_____
By: Delcy Del Campo
Title: President


Los Catrachos II, Inc.

_____
By: Delcy Del Campo
Title: President


_____
Delcy Campos

Delcy Campos

This agreement has been interpreted in Spanish before execution by

_Linda Wesley_